IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ONR NATIONAL, SPEECH PATHOLOGY, INC., d/b/a ONR NATIONAL, INC., | ) ) ) ) | NO. 4:10-cv-00518-REL-RAW |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION ON PLAINTIFF'S "MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| PRIME NURSING AND REHABILITATION CENTER, L.L.C., | ) ) ) | AGAINST PRIME NURSING AND REHABILITATION CENTER, INC."[1] |
| Defendant. | ) ) | |

This matter is before the Court for report and recommendation on the captioned motion [31]. Default was entered by

---

[1] The original Complaint named Prime Nursing and Rehabilitation Center, <u>Inc.</u> as the only defendant and in the body of the pleading referred to Prime Nursing as a corporation. The pleaded contract attached to the Complaint alleged to have been breached identified the contracting party as an L.L.C. An Amended Complaint was filed on November 11, 2010 correcting the name of the defendant to Prime Nursing and Rehabilitation Center, L.L.C. The summons, though identifying Prime Nursing and Rehabilitation Center, Inc. as the defendant in the case caption, was addressed to and on November 17, 2010 served on Prime Nursing and Rehabilitation Center, L.L.C. Apparently only the original Complaint was served but it would have been obvious from the pleaded contract that the breach of contract claim was against Prime Nursing and Rehabilitation Center, L.L.C.

As noted in the caption, the present motion identifies the defendant as Prime Nursing and Rehabilitation Center, L.L.C., but the motion asks for default judgment against Prime Nursing and Rehabilitation Center, Inc. The latter appears to have carried forward the original error in the identity of the defendant. The Court views the motion as seeking entry of default judgment against Prime Nursing and Rehabilitation Center, L.L.C., the party against whom default has been entered.

the Clerk on December 23, 2011 on the motion of plaintiff ONR National, Speech Pathology, Inc., d/b/a ONR National, Inc. ("ONR National") with respect to ONR's breach of contract claim against Prime Nursing and Rehabilitation Center, L.L.C. ("Prime Nursing"). The Court has diversity jurisdiction. 28 U.S.C. § 1332.

On default, the Court takes all well-pleaded factual allegations of the complaint as true except for the plaintiff's alleged damages. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). "'[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray*, 595 F.3d at 871 (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). "'[F]acts relating to the amount of damages ... must be proved in a supplemental hearing or proceeding.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) (quoting *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001)). The Court finds an evidentiary hearing unnecessary because the damages claimed are for amounts due on an account plus a service fee, amounts which may be determined by computation and are adequately supported by affidavit and other documentary evidence provided in the motion papers.

Under Iowa law, a party claiming breach of contract must establish:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Kern v. Palmer College of Chiropractic*, 757 N.W.2d 651, 657-58 (Iowa 2008) (quoting *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998)).

The following facts are pleaded in the Complaint or established by exhibit or affidavit. ONR National is a California corporation with its principal place of business in Austin, Texas. Prime Nursing is a limited liability company organized under Iowa law with its principal place of business in Iowa. ONR National provides physical, occupational, and speech therapy services at residential care facilities throughout the country. ONR National and Prime Nursing entered into a therapy services agreement (the "Contract") in October 2009 whereby ONR National would provide physical, occupational, and speech therapy services to patients at a nursing home facility managed by Prime Nursing in Des Moines, Iowa in exchange for monetary compensation. The Contract was filed with the Complaint as Exhibit A. (Compl., Ex. A [1-1]). ONR National performed therapy services between January 2010 and July 2010. ONR National submitted monthly invoices to Prime Nursing pursuant to the Contract. The Contract provided that invoices were

due within thirty days of the end of the billing period in which services were provided; unpaid invoices were subject to a service fee of 1.5 percent per thirty-day period. (*Id.* at 6). Prime Nursing failed to pay for the therapy services performed.

ONR National filed an accounting showing invoices submitted by ONR National to Prime Nursing. (Compl., Ex. B [1-2]). Prime Nursing did not pay invoices dated January 26, 2010 for $35.40; January 31, 2010 for $18,659.25; February 28, 2010 for $23,619.97; March 31, 2010 for $20,607.66; April 30, 2010 for $28,495.21; May 31, 2010 for $23,252.48; June 30, 2010 for $36,609.10; and July 21, 2010 for $27,823.36. The unpaid balance due on these invoices is $176,172.59. Janis Jones, Chief Financial Officer of ONR National, declared by affidavit that $51,996.49 in interest (the service fee) accrued on the unpaid balance as of January 25, 2012. (Pl.'s Mot., Ex. A [31-1] at 2).

Paragraph 4(d) of the Contract provides: "In any action for collection of payment hereunder the prevailing party shall be entitled to ... all reasonable attorney fees and court costs related to any legal action incurred in connection therewith." (Pl.'s Mot., Ex. A-1 [31-1] at 6). ONR National employed three law firms in this action – Baker & Hostetler LLP of Houston, Texas; Belin McCormick, PC of Des Moines, Iowa; and Weinhardt & Logan, PC of Des Moines, Iowa. ONR National filed invoices and attorney fee affidavits by Mark E. Weinhardt, a former member of Belin McCormick

4

and current partner at Weinhardt & Logan, and Douglas D. D'Arche, a partner at Baker & Hostetler. Belin McCormick charged $4,963.00, Weinhardt & Logan charged $3,414.00, and Baker & Hostetler charged $23,906.25 in attorney fees in this case, a total of $32,283.25. (Mot., Ex. B [31-2] at 2, Ex. C [31-3] at 2). ONR National incurred $801.18 in expenses from Belin McCormick and Weinhardt & Logan and $75.03 in expenses from Baker & Hostetler. (*Id*.).

The factual allegations in the Complaint, as supplemented by the present motion papers, establish all of the elements of breach of contract against Prime Nursing. The Court finds that ONR National should recover as damages the unpaid principal amount under the Contract of $176,172.59 plus prejudgment interest (in the form of accumulated service fees) in the amount of $51,996.49.

The Court notes the fee and expense claim in counsels' billing statements include fees and expenses incurred in prosecuting the claims against not only Prime Nursing, but also the subsequently added (and since dismissed) defendants Iowa Skilled and Home Services, L.L.C. ("Iowa Skilled") and Alan Israel of Iowa Skilled. The claims against Iowa Skilled and Mr. Israel were related to the collection action against Prime Nursing. The Contract between Prime Nursing and ONR National was entered into in October 2009 but, according to the allegations in the Second Amended Complaint [10] at the end of November 2009 Iowa Skilled, unknown to ONR National, assumed the management responsibilities at

5

the nursing home facility. Through later correspondence from Mr. Israel Iowa Skilled referred to itself as Prime Nursing and purported to terminate the Contract. Neither Iowa Skilled nor Prime Nursing informed ONR National of the management change and ONR National proceeded to provide the contracted-for services, though it would not have done so had it known of the change. (Second Amended Complaint [10] ¶¶ 11, 12, 18, 29).

ONR National sued Iowa Skilled and Mr. Israel for, respectively, unjust enrichment and fraud. The claims against these defendants were thus a further effort to collect for the services provided under the Contract with Prime Nursing. It is reasonable to assign some responsibility for the associated fees to Prime Nursing for its failure to notify ONR National that it was no longer involved in the facility's management despite receiving invoices for the ongoing services provided by ONR National. On the other hand, the independent conduct of Iowa Skilled and Mr. Israel in failing to advise of the management change, accepting the benefit of ONR National's services, and in misleading ONR National as described in the Second Amended Complaint makes it inappropriate to assess all of the fees and expenses set out in counsel's billing statements against Prime Nursing. In the circumstances the Court will make a percentage apportionment. The Court will award 60% of the fees and expenses claimed, a sum which amounts to $19,896. In amount the fees and expenses claimed appear reasonable for the

services provided.

**IT IS RESPECTFULLY SUBMITTED** that default judgment be entered in favor of plaintiff ONR National, Speech Pathology, Inc. and against Prime Nursing and Rehabilitation Center, L.L.C. in the amount of $176,172.59, plus prejudgment interest in the form of accumulated service fees in the amount of $51,996.49. In addition, the Court should award ONR National attorney fees and nontaxable expenses in the amount of $19,896 for the pursuit of its collection action against Prime Nursing. Post-judgment interest on the principal amount of the judgment should accrue at the rate provided in 28 U.S.C. § 1961.

**IT IS ORDERED** written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), must be filed within fourteen (14) days after the service of this Report and Recommendation. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th

Cir. 1993); Thompson, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 27th day of February, 2012.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE